UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
CASE NO: _____

Rexford Tweed
  Petitioner

v

RICKY DIXON, Secretary
  and
RANDALL POLK, Warden
Florida Dept. of Corrections
Columbia Correctional Inst. (Annex),

EX parte NOTICE
TO
CHIEF JUDGE
3:23cv393-TJC-LLL

ORIGIONAL

AFFIDAVIT

STATE OF FLORIDA  )
COUNTY OF COLUMBIA )

FILED
2023 APR -5 PM 1:1_
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

LEGAL MAIL PROVIDED TO
COLUMBIA CORRECTIONAL INSTITUTION
ON 4/3/23 (DATE) FOR MAILING
____ STAFF INITIAL ____ IM INITIAL

(1) "Indeed no more than an affidavit is necessary to make a prima facia case." United States v Kis, 658 F.2d., 526, 536 (7th. Cir. 1981); cert. denied, 50 U.S.L.W. 2169; Supreme Court, March 22, 1982.

(2) Rexford Tweed, pro se, herein "Affiant" being first duly sworn, say and declare by his signature, that the following facts are true, correct, and complete to the best of his knowledge and belief, being of good faith and not meant to deceive or mislead.

(3) Affiant has no record or evidence, that he is not qualified to make this affidavit of notice to this Honorable Court. Although this is Ex parte, Affiant has served both Respondents by certified U.S. Mail return receipt, see certificate of service.

## NOTICE

(A) Affiant, pro se, Rexford Tweed DC#116365, has prepared a criminal Federal Habeas Corpus in a liberty interest matter, directed specifically to this Honorable Court, but is being deliberately denied basic Florida prison Law Library services, in a prejudice, malicious and capricious manner, not limited too; the necessary copies to serve the listed Respondents on the face of the habeas corpus document; being The Florida Attorney General ASHLEY MOODY; The Florida Dept. of Corrections Secretary RICKY DIXON, who has custody over Affiant; and a copy for Affiant; The original going to this Court. Thus, Affiant is being prevented from filing this Habeas Corpus to this Court by actions of the Florida Dept. of Corrections, Columbia Correctional Inst. (Annex), law library services staff, for which Affiant provides NOTICE to this Court and seeks redress or relief to this fundamental cause of action.

(5) This Federal Habeas Corpus is being brought directly to this Court in a timely manner from a Florida habeas corpus; Rexford Tweed v State of Florida, RON DESANTIS Governor and ASHLEY MOODY, Florida Attorney General; Florida Second District Court of Appeal case No. 2D22-1561 and the Supreme Court of Florida, Rexford Tweed v State of Florida et.al, case No. SC22-908. Denied by the Supreme Court of Florida on July 14, 2022. Unless this court tolls Affiant's time to file his Federal Habeas Corpus, he will soon be barred from filing.

(6) Affiant cannot proceed to this Court because he cannot serve the Respondents and have a copy of the pleading for himself. Justice delayed is justice denied. Each day lost is a separate and distinct injury. Deliberate, willful prejudice is a factor here.

2

(7) Affiant is alleging here that the fundamental basis for his federal habeas corpus is clear upon the record and raised in his state habeas corpus, which is available to this Court from the Florida Second District Court of Appeal.

(8) Affiant is alleging before this Court significant, substantial and extraordinary circumstances, warrenting this Court NOTICE, and defference for intervention in this matter of access to the Court.

(9) Affiant cannot appeal to the Florida Attorney General because the Attorney General represents the State of Florida. Affiant cannot go to the Florida Dept. of Law Enforcement (F.D.L.E.), because there is a Florida statute that requires F.D.L.E. refer all prisoner complaints back to the Florida Dept. of Corrections. Affiant cannot go to the Florida Dept. of Corrections (F.D.O.C.) General Counsel for a declatory judgment on this matter because Florida Law has taken that right away from Florida prisoners. Affiant also has previously filed endless pages of grievances on this very same matter to no avail.

(10) Affiant is an 87 year old, American Disability Act (A.D.A.) individual with serious heart trouble, in a wheelchair, is indigent with more than a $6,000.°°/100 hold on his prison trust account; is totally computer illiterate and all the law at this institution is on computer and Affiant has had no training in the law. Affiant has done 35 straight years at 22 Florida prisons, and never was in a Florida prison law library so prejudice and corrupt as Columbia C.I. Annex and law library staff person as L. Lucas!

(11) The chain of command for this hinderance or impediment to access this federal Court is: L. Lucas Library staff person; H.K. Rainey Education and Library Supervisor; Jared Johnson

3

Asst. warden over programs replacing C. Crews; RANDALL POLK, warden, replacing John Godwin; Charles Huber, Central State government library director in Tallahassee, Florida; RICKY DIXON, Secretary Fla. Dept. of Corrections.

(¶2) Affiant's stock of grievances acquired on this law library issue complete through to Secretary level, measures two inches high and is about 200 pages.

ADDITIONAL EXTENUATING COLUMBIA CORRECTIONAL INSTITUTION LAW LIBRARY AGGRAVATING FACTORS FOR THIS CAUSE OF ACTION THAT AFFIANT PROVIDES NOTICE TO THIS COURT

(¶3)(A) paper: Affiant cannot acquire adequate indigency supplys, including paper, to prepare pleadings and do research, including providing this NOTICE to this court and copies to the Secretary of the Florida Dept. of Corrections and the warden of this institution. All copies of this document were hand written and forward by certified mail return receipt to named Respondents.

(B) Indigent paper is limited to 10 sheets per request. To obtain indigent supplys, including paper, Affiant must submit a written request to access the law library. Response to that request runs typically from 10 days to two weeks. Some requests have not been responded to at all!

(C) Upon arrival at the law library, Affiant must now make written request for indigent supplys including paper. They are NEVER issued the date requested. Affiant has to wait until another law library visit is approved before he can pick up these supplys. However, every week Ms Lucas is not there one or more days and a substitute runs the law library. If a substitute is there, Ms Lucas

4

does not allow the substitute to pass out indigent supplys and Affiant has to go through another complete cycle to access the law library. Thus, to obtain 10 sheets of paper Affiant may have to wait 10 days to 3 or more weeks. Affiant can consume 10 sheets of paper in a day. Drafting this document including copies, is impossible without using any kind of paper Affiant can get his hands on. The same is true to obtain pen and envelopes to mail documents in. Only one pen is provided every 30 days. When Affiant is preparing a document like this one with copies, he is writing all day and goes through a pen in 2½ weeks! <u>Note</u>: That all this is compounded by the fact that this institutions library, run by L. Lucas and H.K. Rainey, only allows a total of 15 inmates in the library per morning or afternoon shift. This includes together both the General library and the law library, all law clerks and other inmate staff that serve both libraries. <u>Note</u>: This institution constantly exceeds 1600 inmates and the law library alone posts a sign stateing 43 inmate capacity! L. Lucas only allows three (3) law clerks working in her law library. They are consumed with administrative responsibilities and have little or no time to assist columbia prisoners. <u>Note</u>: The head law library for this Region II of the Florida Dept. of Corrections; Union C.I., is not run this way. Affiant has done 35 years straight prison at 22 different institutions, and no law library is run this way! Institutions with 1200 or more prisoners have 6 or more law clerks. Copies and supplys are provided at the time you visit the law library, and you do not wait weeks to access the library. L. Lucas and R.H. Rainey deliberately maintain a library paradigm that hinders,

5

impedes prisoners from adequate minimum access to all law library services including law clerks and access to the court. Note: Florida Administrative Code Rule 33-210.102(1) states the Agency cannot "hinder" my access to the court. There exists here a fundamental prejudice to Federal constitutional rights that requires fundamental federal intervention. Only this court knows whether federal intervention is appropriate here. Affient cannot provide copys of evidence in support of this action, because he cannot obtain copys. Affient, three times wrote warden John Godwin for approval to be allowed permission to go outside the institution to obtain copys, indigent supplys, typing; none of these requests were responded to. If the court chose to send someone here, like a federal Marshal to verify this cause of action, Affient shall fully cooperate. There is a inmate sign in law library log that would verify law library access problems.

## HABEAS CORPUS COPIES

(D) As set forth earlier, Affient required three (3) copies of his habeas corpus pleadings to facilitate service of that cause of action. Two, to the Respondants set forth on the face of the document and one for himself. This service included additional documents of an affidavit, motion for evidentiary hearing; motion to appoint counsel. The Affidavit had an Appendix of Evidence that substantuated Affients Federal cause of action. The law library made two (2) copies of Affients pleadings and refused, <u>in writing</u>, to make the third copy. Affient cannot provide this refusal in writing because he cannot obtain copies like this. The first refusal in writing by R. Dana stated: "Must provide rule that authorizes

6

more than 2 copies. Approved for two copies only." Affiant argues that this refusal of a third copy is hard to justify, wherein, there are two Respondents on the face of the habeas corpus (the Florida Attorney General and the Secretary of the Florida Dept. of Corrections) and each document contains a "Certificate of Service," listing the Respondents and their address's.

(E) Affiant submitted a second request for the third copy of the documents to L. Lucas, including a total of 3 copies of the Affidavit, which had not yet been copied. On the second written request Affiant set forth: "2 copies alread received [except one pleading where 3 copies are required] see certificate of service. If you choose to deny these copi provide the specific statutory authority that provides you the authority to edit and censor my legal pleadings, including, who I provide copy service, how or if I index my attached Appendix evidence and what I choose to include as evide Denial of copies shall immediately result in litigation. This i a liberty interest issue." The copy request was denied by L. Lucas, who set forth: "You have already been provided the copies to which you are entitled for this action per procedure 501.302(3)(a)." Affiant sets forth below procedure 501.302(3)(a). Title: "Copying Services for Inmates".

(F) "Specific procedures"
"(3) Documents will be copied only if they are being filed or served in a pending legal or administrative action or to initiate one. The number of copies made for the inmate will be:
(a) The number required to be filed and served according to the rules of the judicial or administrative forum, plus one copy for the inmate to keep if the original is filed or served;
(b) The number required per order of the judicial or

7

administrative forum, plus one copy for the inmate if the original is filed or served; or..."

"(II) processing Inmate Requests for Copying Services"

"(2) The Law Library Supervisor may not read an inmates documents and exhibits, but s/he will inspect them to confirm that the:

(1) copy request is allowable per this procedure; or
(2) documents must be filed or served to initiate a legal or administrative action or must be filed or served in a pending action.

(b) All DC5-154 requests must be reviewed and approved by the law library supervisor prior to making any copies for inmates.

(1) Only those documents approved by the law library supervisor for copying will be copied.
(2) Only the number of copies approved by the law library supervisor for copying will be made."

(G) Note: procedure 501.302 (11)(a) and (h) above, L. Lucas is in total CONFLICT with this policy. Also Note (3)(b) above; L. Lucas has to make the number of copies required by order of the judicial forum, plus one copy for the inmate, when the original is being filed to the court.

(H) Note: Florida Administrative "Rule" 33-501.302 "Copying Services for Inmates," states the same thing as procedure (3)(a). The copies requested by Affiant are required to initiate his habeas corpus before this court. Affiant is challenging the United States constitutionality of Florida Stat. §794.011(2)(1987), that he was convicted under.

The law requires Affiant serve this habeas corpus upon the Florida Attorney General ASHLEY MOODY, and because Affiant is moving for immediate release

8

from Florida prison, he must serve the Executive Branch administrator who has custody over Affient; and that is the Secretary of the Florida Dept. of Corrections RICKY DIXON. This is what Affient has done. This is simple logic and common sense (law)! Anyone of administrative capacity, taking authority over a Florida prison law library, making critical decisions as to access to the Court in a liberty interest matter, who does not know this, or apply this fundamental principle to supervising a prison law library, is either totally incompetent, or in the contrary; acting in a deliberate, willful, malicious and capricious capacity, to the determent of the prisoners (Affient).

## FURTHER CONFLICT

(14) Affients Habeas Corpus to this Court includes an affidavit and appendix of evidence attached, in support of his habeas corpus. Law Library staff person L. Lucas, in making the first two (2) copies, refused to make a copy of pages 72U and 52U; which is a copy of a power of attorney, that was pages 253 and 254 of the Affient's habeas corpus pleading before the Florida Second District Court of Appeal case No. 2D22-1561. It is now part of the documented evidence brought forward and part of the evidence before this Court. Therefore, L. Lucas is reading, editing and censoring Affients habeas corpus pleading before this Court based on her personal authority and opinion. Affient cannot submit evidence previously submitted to the State Court with two (2) pages missing. Further, in the two copies L. Lucas did make; pages 185 and 187 were also missing. There were other pages, wherein, there were multiple extra copies made.

(15) To measure the significance of this habeas corpus

before this Court, examination of the State Habeas Corpus Case No. 2022-1561, this Court would find that Affiant has challenged both the Florida and United States constitutionality of Florida Statute § 794.011(2)(1982); as having never been constitutionally enacted. That he was convicted and sentenced to an illegal unconstitutional statute and is being confined by the State of Florida against his will in direct conflict with the laws and Constitution of the United States. No reasonable jurist, knowing of this unconstitutionality would of convicted or sentenced Affiant to this punishment.

(15) Examination of both Affiants NOTICE to the Executive Branch of Florida Government; and the Florida Judiciary Appellate Courts; that <u>NO State entity has denied, rebutted, argued, objected to Affiants collateral attack against this Statute illegality and unconstitutionality</u>, results in a substantive, extraordinary, significant fundamental cause of action before this Court. Defference is implicated, wherein, this cause of action directly affects up to 4,000 other like situated Florida elderly prisoners. The actions by the Florida prison law library (L. Lucas, H.K. Rainey) is hindering Affiants United States Constitutional First Amendment rights to grieve and retaliation; Fifth Amendment right to due process; Sixth Amendment right to confrontation; Eighth Amendment cruel and unusual punishment; Fourteenth Amendment right to procedural due process and equal protection under the law.

## CONCLUSION

(16) This is a desperate attempt by an elderly, A.D.A. Florida prisoner, with no training in the law, computer illiterate, to simply prepare and file a federal habeas corpus before this Honorable Court! He does not know where else to turn,

10

and is being impeded at every turn by the State of Florida, to file his federal Habeas Corpus to this court in a timely manner! Affiant has filed dozens of grievances on the law library issues raised here to no avail. Affiant is being denied "adequate" indigent legal supplys and law library services that include; paper, a required copy of his habeas corpus to accomplish "Timely" service upon this court; is experiencing aggrivation of that habeas corpus by L. Lucas editing and censoring that habeas corpus under her own authority and prejudice; is missing copys of pages copied by L. Lucas; is being limited access to the law library by L. Lucas and H. K. Barney to a total of 15 for both the General and Law library together, including law clerks and inmate library workers; when the law library itself posts a sign that it holds 43 inmates maximum. All of this collectively states a claim before this court, that he is being hindered, impeded in timely filing a constitutional right of habeas corpus in a liberty interest matter to this court! Affiant provides <u>NOTICE</u> of this injury and prays, somehow, this court in its discretion will provide relief.

## CERTIFICATE OF SERVICE

Affiant DECLARES under penalty of perjury per 28 U.S.C. §1746, that he has provided by U.S. First Class certified mail, return receipt, a true and correct copy of the foregoing to RICKY DIXON, Secretary, certified mail return receipt No. 7014 1820 0000 4751 8990; at The Florida Dept of Corrections, 501 So. Calhoun St., Tallahassee, Florida. 32399; and to RANDALL POLK, Warden, certified mail return receipt No. 7015 1820 0000 4751 9065; at Columbia Correctional Institution (Annex), 216 S.E. Corrections Way, Lake City, Florida 32025 on this 6th day of April, 2023

Columbia Correctional Inst. (Annex)  
216 S.E. Corrections Way  
Lake City, Florida 32025

Rexford Tweed pro se  
Rexford Tweed DC# 116365  
Affiant

(11)

### PERJURY STATEMENT

Affiant, Rexford Tweed, pro se, DECLARES under penalty of perjury per 28 U.S.C. §1746 that the foregoing facts in this affidavit are true and correct.

*Rexford Tweed* Affiant/pro se
Rexford Tweed DC# 116365
Columbia Correctional Inst. (Annex)
216 S.E. Corrections Way
Lake City, Florida 32025

### RETALIATION

A chronology of events states a claim of retaliation. Wood v Smith, 60 F.3d. 1161, 1165-66 (5th cir. 1995).

Note: While preparing this document; the original, three (3) copies, a rough draft and a letter, it took 61 sheets of paper! While drafting this, Affiant made multiple written requests for indigency paper and made multiple visits to the law library. "He did NOT receive one sheet of indigency paper during that time". If he had been so lucky to receive paper, it would of only been 10 sheets. L. Lucas and H.K. Rainey know exactly what they are doing!

*Rexford Tweed* Affiant.

12